**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CARLO BREWER,**

    **Petitioner,** [1]

**v.**     **Civil Action No. 1:05cv3**
            **Criminal Action No. 1:03cr42**
            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On January 3, 2005, Carmon Taylor, on behalf of her brother, Carlo Brewer, an inmate at the camp at USP-Hazelton, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. According to Ms. Taylor, she did not have enough time to obtain Brewer's signature, so she signed and filed the §2255 motion on Brewer's behalf.

By Order entered on June 6, 2005, the Court ordered the respondent to respond to the §2255 motion, focusing on the issue of the next friend status of Ms. Taylor. On June 22, 2005, the respondent filed a Response to the Issue of Ms. Carmen Taylor Filing a Motion Pursuant to 28 U.S.C. §2255 as "Next Friend" on Behalf of Petitioner Carlo Brewer.

On June 28, 2005, Brewer filed a Reply to Government's Response. Then, on July 1, 2005, Brewer filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On August 17, 2005, Brewer filed a document titled Mr. Brewer's Adoption

---

[1] The undersigned recommends that the style of the case that is on the docket sheet be changed to Carmon Taylor as next friend for Carlo Brewer v. United States of America because Brewer did not actually file the §2255 motion.

of 28 U.S.C.A §2255 Signed and Filed by Ms. Carmen Taylor.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

## II. BACKGROUND

### A. Conviction and Sentence

On September 5, 2003, Brewer entered a guilty plea before the undersigned to a one count information which charged him with distribution of cocaine base within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. The parties stipulated "that the defendant's relevant conduct would be equivalent to more than 20 grams but less than 35 grams of cocaine base." The parties also stipulated that "an enhancement pursuant to U.S.S.G. §2D1.2 is applicable since the offense of conviction occurred within 1,000 feet of a protected area." Additionally, the plea agreement contained a waiver of Brewer's right to appeal and collaterally attack his sentence if his sentence was based on a guideline level of 27 or less.

On January 7, 2004, the Court sentenced Brewer to 87 months imprisonment. The Judgment and Commitment Order was entered on January 8, 2004. Brewer did not appeal his sentence.

### B. Parties' Contentions

#### Brewer's Contentions

Brewer asserts that he was provided ineffective assistance of counsel at sentencing because his attorney failed to object to the presentence report (PSR). According to Brewer, the probation officer incorrectly calculated his criminal history points by counting Brewer's convictions for driving on suspended/revoked license and 3 counts of possession/delivery of a controlled substance. Brewer asserts that the drug offense should not have been counted because the 6 month sentence

he received was stayed, and he was placed on home confinement. However, Brewer states the home confinement was revoked and the 6 month sentence was reimposed. He also states that he received a 90 day sentence for the drug offenses which were concurrent with each other and with the driving offense. According to Brewer, he does not meet the requirements of U.S.S.G. 4A1.1(b)[2] because he only spent 46 days in confinement for the driving offense, and drug offenses and because home confinement "is not a place of incarceration for a sentence of imprisonment."

Brewer also asserts that his attorney was ineffective for failing to object to the PSR's recommendation that his sentence be increased by 2 points pursuant to U.S.S.G. §2D1.2(a)(1) because "the amount of cocaine base directly involved in a protected location was substantially lower than the total amount of cocaine base involved in the offense."

Brewer further argues his claims of ineffective assistance of counsel are not barred by the waiver in his plea agreement.

With regard to the next friend issue he states that the motion filed on July 3, 2005 by Ms. Taylor was what he wanted filed. He further asserts that his brother, Mateen Abdul-Aziz, an inmate at FCI-Gilmer, completed the §2255 motion for him because he has limited knowledge of the law, but Abul-Aziz could not send the §2255 motion to him because the Bureau of Prisons had not authorized communications between them. Thus, Abdul-Aziz sent the motion to Ms. Taylor so she

---

[2]U.S.S.G. §4A1.1 provides in pertinent part as follows:

**(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

**(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

3

could timely file it on Brewer's behalf. Brewer asserts that he did not want a next friend motion filed, he just wanted his motion to be timely filed.

**Government's Contentions**

The Government contends that Ms. Taylor fails to satisfy the requirements of Whitmore v. Arkansas, 495 U.S. 149 (1990) and, thus, the motion should be dismissed for failure to be signed and verified by the named petitioner.

### III. ANALYSIS

Rule 2(c) of the Rules Governing §2255 cases in the United States District Court provides that the motion must be signed under the penalty of perjury by the petitioner or by a person authorized to sign it. The Advisory Committee notes to Rule 2 provide that "the Committee envisions that the courts will apply third party or 'next-friend' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the movant." Ms. Taylor made no prior request to the Court for "next friend" status.

Pursuant to Whitmore v. Arkansas, 495 U.S. 149 (1990), "next-friend" standing in a habeas proceeding is not automatically given to whomever seeks to pursue an action on behalf of another. To obtain next friend standing, two requirements must be met:

> First, a "next friend" must provide an adequate explanation – such as inaccessability, mental incompetenece, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Id. at 163 (internal citations omitted).

"The burden is on the 'next friend' clearly to establish the propriety of his status and thereby

4

justify the jurisdiction of the court." Id.

Next friend applications are limited to "incidents of infancy, incompetency, or lack of time." Evans v. Bennett, 467 F.Supp. 1108, 1110 (S.D. Ala. 1979). "[W]hen the application for habeas corpus filed by a would be 'next-friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next-friend' device, the Court is without jurisdiction to consider the petition." Id.

As noted by the respondent, Ms. Taylor fails to satisfy all the requirements of Whitmore. Even though Ms. Taylor is Brewer's sister, and it could be found that she has a significant relationship with Brewer and that she had the best interest of Brewer in mind when she filed the §2255 in his behalf, she has failed to show that Brewer was unable to proceed on his own behalf. Specifically, Brewer has not been declared mentally incompetent, he is not an infant, and it has not been demonstrated that Brewer suffers from some disability. Thus, Ms. Taylor does not qualify as a next friend and the Court has no jurisdiction over the motion. See Tate v. United States, 72 Fed.Appx. 265, 266-267, 2003 WL 21580425,**1 (6th Cir. 2003).

Further, while Brewer asserts in his June 28, 2005 Reply to Government's Response, that he did not know that he could raise a claims of ineffective assistance of counsel until the statute of limitations almost expired, such is not grounds for Ms. Taylor to be deemed a next friend.

Further, the fact Brewer himself signed a §2255 motion and filed it on July 1, 2005, is not grounds for the Court to ignore the motion filed by Taylor because the later July 1, 2005 motion is untimely.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus

motion. 28 U.S.C. §2255.³

The limitation period shall run from the last of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Brewer does not indicate that the Government created an impediment to the filing of his §2255 motion. Further, his motion does not involve a newly recognized right or newly discovered facts. Thus, the one year statute of limitations began on the date his judgment of conviction became final.

The Fourth Circuit has held that for purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered his judgment of conviction if the petitioner does not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001). In reaching this decision, the Sanders court relied on United States v. Torres, 211 F. 3d 836 (4th Cir. 2000)⁴

---

³The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

⁴In Torres, the Fourth Circuit held that "for purposes of § 2255, the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his direct appeal." Torres, 211 F.3d at 837.

which has been abrogated by Clay v. United States, 537 U.S. 522 (2003). In Clay, the Supreme Court held that when a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. In slip opinions, the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina have extended the rule in Clay to instances were no direct appeal has been filed to determine that the conviction becomes final after the 10 day appeal period has elapsed, not when the judgment is entered. See Hammack v. United States, 2005 WL 1459767 (W.D. Va. 2005); Langley v. United States, 2005 WL 1114316, *1 (M.D.N.C.2005); and Arnette v. United States, 2005 WL 1026711 (E.D. Va. 2005). The undersigned agrees with the application of Clay by the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina.

Because Brewer's Judgment and Commitment Order was entered on January 8, 2004, he had until January 18, 2005 to file a §2255 motion. Thus, Brewer's §2255 motion filed on July 1, 2005, is untimely.

Finally, Brewer's ratification or adoption of the actions and petition of Taylor by his filing of August 17, 2005 is an attempt to get around the failure of Taylor to have next friend status and Brewer's untimeliness in filing the § 2255. Brewer should not be able to do indirectly that which he is not able to do directly.

### IV. **RECOMMENDATION**

For the reasons stated herein, it is accordingly recommended that the Court enter an Order

denying the §2255 motion filed by Ms. Taylor because she does not have next friend standing; denying Brewer's attempted ratification of the filing of Taylor because Taylor did not have next friend status and because the attempted ratification was untimely; and denying as untimely the §2255 motion filed by Brewer.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to Brewer and the United States Attorney for the Northern District of West Virginia.

Dated: September 19, 2005

/s *John S. Kaull*

JOHN S. KAULL

UNITED STATES MAGISTRATE JUDGE